```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
           CIVIL NO.: 23-1875(DSD/DTS)
```

Barnabas A. Yohannes,

    Plaintiff,

v.                                              **ORDER**

Minnesota IT Services and
Anne Sheridan,

    Defendants.

This matter is before the court upon the motion to dismiss by defendants Minnesota IT Services and Anne Sheridan. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This employment discrimination dispute arises from pro se plaintiff Barnabas Yohannes's tenure with MNIT. MNIT provides IT related services to all state agencies within Minnesota. Am. Compl., ECF No. 40, ¶ 12. MNIT assigned Mr. Yohannes to work for various state agencies during his employment with MNIT. See generally id. Defendant Anne Sheridan supervised Mr. Yohannes at times relevant to this lawsuit. Id. ¶ 140.

In 2021, Mr. Yohannes sued MNIT in this court alleging employment discrimination under Title VII based on his race,

national origin, and color.[1]  Taylor Decl. Ex. A, at 2-4.  He alleged that MNIT's discrimination – and that of the state agencies he was assigned to work for - resulted in the failure to hire and promote him, termination of his employment, differential treatment, retaliation, and harassment.  Id. at 4.  The factual basis of his complaint spanned from 2006 to 2021.  See generally id.  Mr. Yohannes remained employed by MNIT throughout most of the lawsuit.

In August 2021, Chief Judge Schiltz dismissed Mr. Yohannes's color discrimination and harassment claims for failure to exhaust administrative remedies, dismissed the retaliation claim as untimely, and dismissed the race and national origin discrimination claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Taylor Decl. Ex. F.  Mr. Yohannes then filed a motion to amend the complaint to add more claims, which Magistrate Judge Wright denied.  See Yohannes v. MNIT, Case No. 21-cv-620, ECF Nos. 46, 75.[2]

---

[1]  Chief Judge Patrick J. Schiltz and Magistrate Judge Elizabeth Cowan Wright presided over the case.

[2]  In comparing the two cases, defendants repeatedly cite to the amended complaint as the operative complaint in the earlier suit.  See ECF No. 46; Taylor Decl. Ex. C.  As noted, however, Mr. Yohannes was not granted leave to file an amended complaint in that case.  As a result, the court will not consider the amended complaint in Case No. 21-cv-620 in assessing whether this case may

On August 9, 2022, MNIT terminated Mr. Yohannes's employment. Am. Compl. ¶ 192. In October 2022, Mr. Yohannes agreed to dismiss the 2021 lawsuit with prejudice "together with all causes of actions and claims that were or that might have been alleged therein." Taylor Decl. Ex. E.

On June 20, 2023, Mr. Yohannes commenced this action alleging that MNIT discriminated against him in violation of Title VII, the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981, the Minnesota Human Rights Act (MHRA), the Minnesota Fair Pay Act, and the Minnesota Whistleblower Act, and on the basis of his race, religion, national origin, color, and age.[3] Compl., ECF No. 1, at 2-4. Like in his first lawsuit, Mr. Yohannes alleges that defendants' discrimination led to the failure to hire and promote him, termination of his employment, differential treatment, retaliation, and harassment. Id. at 4. He also alleges that MNIT defamed and libeled him after terminating his employment. Id.

On November 15, 2023, Mr. Yohannes filed an amended complaint[4]

---

proceed.

[3] Before filing the current action, Mr. Yohannes filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter. See ECF No. 1-1. The record does not include the charge of discrimination or a description of its contents.

[4] The amended complaint is titled "2nd Amended Complaint" but is in fact the first amended complaint. See ECF Nos. 23, 38, 40.

adding Anne Sheridan as a defendant and withdrawing his claims under the Minnesota Human Rights Act (MHRA), the Minnesota Fair Pay Act, and the Minnesota Whistleblower Act.  See Am. Compl., ECF No. 40, at 3-4.

Mr. Yohannes seeks injunctive relief, employment reinstatement, and damages.  Defendants now move to dismiss on the basis of res judicata and failure to state a claim.

**DISCUSSION**

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (citation and quotation omitted).  To establish that res judicata bars Mr. Yohannes's claim, defendants must show that: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."  Id. (citation and quotation

---

For clarity, the court will refer to the operative pleading as the "amended complaint."

omitted).

The parties' disagreement here centers on whether both suits are based on the same claims.[5]  Mr. Yohannes maintains that this suit is separate and distinct from the first suit because, here, his amended complaint focuses on his termination and MNIT's post-termination defamation/libel.  Defendants argue that the amended complaint in this case alleges facts similar or identical to those raised in the first lawsuit and is thus barred.

In assessing whether the two cases are based on the same claims, the court applies the transactional test set forth in the Restatement (Second) of Judgments, which provides that:

> [w]hen a valid and final judgment ... extinguishes the plaintiff's claim ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> What factual grouping constitutes a 'transaction' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations, business understanding or usage.

---

[5] There is no dispute that Sheridan, who was not named as a defendant in the first lawsuit, is in privity with MNIT, her employer.  Her addition to this suit therefore does not affect the court's ability to apply res judicata.

5

Restatement (Second) of Judgments § 24(1)-(2) (1982); see <u>Banks v. Int'l Union Electronic, Elec., Technical, Salaried & Mach. Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004) (applying transactional test). Otherwise stated, "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." <u>Banks</u>, 390 F.3d at 1052 (citation and quotation omitted).

As defendants note, much of the amended complaint alleges discrimination and retaliation that was also alleged in the first lawsuit. The amended complaint begins by discussing misconduct beginning in 2018 through 2022, which was also a period at issue in the first lawsuit.[6] <u>Compare</u> Am. Compl. ¶¶ 17-126 <u>with</u> Case No. 21-620, Compl. ¶¶ 222-72. The amended complaint also raises specific allegations regarding Mr. Yohannes's termination from MNIT while the first lawsuit was still pending. Am. Compl. ¶¶ 127-90. Rather than seek to amend the complaint in that case to include a claim for retaliatory termination, which he now claims here, Mr. Yohannes instead chose to voluntarily dismiss that case with prejudice.

---

[6] The first lawsuit includes allegations predating the allegations in this case, but both cases involve the same allegations from 2018 to Mr. Yohannes's termination in August 2022.

As alleged, Mr. Yohannes's termination was simply a continuation of MNIT's alleged acts of discrimination and retaliation that were the crux of the first lawsuit. Moreover, the new allegations occurred before the court entered judgment in the first case. As such, the claims raised here "arise[] out of the same nucleus of operative facts as the prior claim" and thus could have, and should have, been raised in the first suit. Banks, 390 F.3d at 1052 (citation and quotation omitted). Mr. Yohannes's federal claims for discrimination and retaliation must therefore be dismissed under the doctrine of res judicata.[7]

The court finds otherwise with respect to Mr. Yohannes's post-termination claim for defamation/libel. Because the facts giving rise to that claim appear to have occurred after Mr. Yohannes dismissed his first lawsuit and involve new acts on the part of MNIT that are separate and distinct from the conduct at issue in the first lawsuit, the court is not persuaded that it is barred by

---

[7] Mr. Yohannes also contends that MNIT interfered with his right to contract due to his race, in violation of 42 U.S.C. § 1981. He fails, however, to provide any allegations to support such a claim in his amended complaint. In his opposition to the motion to dismiss, he points to the alleged discrimination that underpinned his first lawsuit, and which the court has deemed untenable under res judicata, as the basis for his § 1981 claim. See ECF No. 52, at 7-9. Accordingly, the § 1981 claim must also be dismissed for failure to state a claim and under the doctrine of res judicata.

res judicata. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 500 (2d Cir. 2014) ("[W]hen post-judgment conduct is sufficient to state a cause of action on its own — without the need to incorporate facts that preceded the first suit — the later course of conduct underlying the second suit gives rise to a new cause of action that is not barred by res judicata.").

Where, as here, "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on a consideration of the pendent jurisdiction factors, the court declines to exercise supplemental jurisdiction over Mr. Yohannes's state-law claim, as it depends solely on determinations of state law. See Farris v. Exotic Rubber and Plastics of Minn.,

Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001) ("State courts, not federal courts, should be the final arbiters of state law.") (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). Further, the parties have yet to engage in discovery, and the court has not expended substantial resources tending to this matter. Under the circumstances, the court is satisfied that declining to exercise supplemental jurisdiction will not harm the parties. The court therefore dismisses the state-law claim without prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 43] is granted;

2. The federal claims are dismissed with prejudice; and

3. The defamation/libel claim is dismissed without prejudice with leave to file in state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12, 2024   s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court